Farah Tabibkhoei (SBN 266312)
farah@dominiumlaw.com
**DOMINIUM LAW, APC**
5665 Wilshire Blvd., Suite 1071
Los Angeles, CA 90036
Telephone:(323) 364-4148

Attorney for Plaintiffs and
Counter-Claim Defendants
Alameda Healthcare & Wellness Center, LLC
[*Additional Parties listed on next page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ALAMEDA HEALTHCARE & WELLNESS CENTER, LLC, a California limited liability company, et al.,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ALL AMERICAN HEALTHCARE SERVICES, INC., a New Jersey corporation; and DOES 1 through 10, inclusive.<br><br>　　　　　Defendants. | Case No. 2:23-CV-00859-GW-SK<br><br>**PLAINTIFFS/COUNTER-CLAIM DEFENDANTS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR AN ORDER TO STRIKE DEFENDANT/COUNTER-CLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Complaint Filed:  January 5, 2023<br>Date of Removal: February 3, 2023<br>Trial Date:　　　August 20, 2024 |

PLAINTIFFS' *EX PARTE* APPLICATION

*B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as the matter may be heard in Courtroom 9D, 9th Floor, before the Honorable George H. Wu, located at United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Plaintiffs and Counter-Claim Defendants Alameda Healthcare & Wellness Center, LLC, B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP (hereinafter "Plaintiffs") will and hereby do move the Court *ex parte,* pursuant to Local Rule 7-19, for an order striking Defendant and Counter-Claim Plaintiff All American Healthcare Services, Inc.'s ("Defendant" or "All American") Notice of Motion and Motion for Summary Judgment (the "MSJ") [Dkt. 138].

Good cause exists for this *ex parte* application. This motion is made on the ground that Defendant's MSJ set for hearing on July 18, 2024 is untimely (filed weeks after the deadline to hear motions other than motions in limine) in contravention of Federal Rules of Civil Procedure 56 and Local Rule 7-3, and subject to Local Rule 7-13 (sanctions for late filing). Even after being notified of their late filing, Defendant refused to withdraw the untimely MSJ, forcing Plaintiffs to bring the instant Application and/or incur expenses to oppose their time-barred motion, while actively interfering with Plaintiffs' ability to prepare for trial. Thus, Plaintiffs request an award of sanctions against Defendant and its counsel in the

amount of $2,000.00 for the expenses incurred by Plaintiffs to bring this *ex parte* application to strike due to Defendant and its counsel's willful disobedience of the Court's Orders and Local Rules.

    This *ex parte* application is based on the following Memorandum of Points and Authorities, Declaration of Farah Tabibkhoei, exhibits filed along with these papers, the documents and records in the Court's file, and any oral argument that may be presented at the hearing on this matter.

    Pursuant to Local Rule 7-19.1, counsel for Plaintiffs gave All American's counsel, Brian Williamson and Michael Smikun, on June 21, 2024, notice of the instant *ex parte* application in writing. See Declaration of F. Tabibkhoei ("Tabibkhoei Decl." ¶ 8; Ex. 1). As of the filing of this Application, All American's counsel has not responded or indicated whether they will oppose. *Id.*

Dated: June 24, 2024

**DOMINIUM LAW, APC**

/s/ Farah Tabibkhoei
By: Farah Tabibkhoei

Attorney for Plaintiffs/Counter-Claim Defendants
Alameda Healthcare & Wellness Center, LLC, B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing &

| | |
|---|---|
| 1 | Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs[1] have been forced to file this an *ex parte* application to strike after being blindsided by Defendant and Counter-Claim Plaintiff All American Healthcare Services, Inc.'s ("Defendant" or "All American") **untimely** Notice of Motion and Motion for Summary Judgment ("MSJ"). The MSJ was filed on June 20, 2024 and set for hearing on July 18, 2024 (Dkt. 138) – ***two months after*** the last day to hear dispositive motions. Plaintiffs' Opposition to the untimely MSJ is due on **Thursday, June 27, 2024,** leaving no time to file a regularly noticed motion. Due to All American's utter failure to comply with Court-ordered deadlines or the Local Rules and confer with Plaintiffs regarding their stale MSJ pursuant to L.R. 7-3 prior to filing their time-barred motion (which itself is subject to sanctions pursuant to L.R. 7-13), Plaintiffs had no choice but to file this *ex parte* application to strike. The MSJ appears to be an attempt to overwhelm Plaintiffs and their counsel with a late and non-meritorious motion on the eve of trial.

The MSJ is untimely. The deadline to ***have the MSJ heard*** was May 27, 2024; the filing deadline was April 29, 2024 – nearly two months ago. In the operative scheduling order, the Court made it clear that the May 27, 2024 deadline to hear motions would not be extended: "[t]here will be no further continuances granted." *See* Dkt. 62 at 2, 3. Defendant ignored the Court-ordered deadline.

---

[1] Plaintiffs and Counter-Claim Defendants Alameda Healthcare & Wellness Center, LLC, B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP ("Plaintiffs").

Additionally, Defendant decided not to comply with Local Rule 7-3 before filing their untimely MSJ and made zero attempt to notify, let alone confer, regarding the substance and timing of the MSJ. But still more, after Defendant filed the MSJ, Plaintiffs attempted to meet and confer with Defendant, asking them to withdraw the untimely MSJ. Defendant did not acknowledge Plaintiffs' correspondence, which attempted to obviate the need for *ex parte* motion practice.

The foregoing sequence of events is not the result of Defendant's oversight. Instead, it appears to be a tactic to try and force a settlement or burden Plaintiffs' counsel, a solo practitioner, with motion practice on a "late" dispositive motion, one day after an unsuccessful mediation. Now that the parties' trial preparations are underway, Defendant is going to considerable lengths to interfere with Plaintiffs' ability to prepare for the upcoming trial. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (holding that there was "no doubt" that the plaintiff's "last-minute notification" of her "intentional and unjustified violation" of a pretrial order a few weeks before trial, had a "prejudicial effect" on the defendant); *see also Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 & n.4 (9th Cir. 1990) (citing *Malone*, 833 F.2d at 131), *cert. denied*, 498 U.S. 1109, 111 S. Ct. 1019, 112 L. Ed. 2d 1100 (1991) (A defendants suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case). Plaintiffs are being irreparably prejudiced by these antics. Instead of preparing for the upcoming trial, Plaintiffs must now spend valuable preparation time drafting this *ex parte* Application in order to avoid wasting even more time substantively opposing an untimely, procedurally improper MSJ.

For the foregoing reasons, Plaintiffs request that the Court grant this *ex parte* Application and strike All American's MSJ in its entirety and issue an award of sanctions against Defendant and its counsel in the amount of $2,000.00 for the time and expense incurred by Plaintiffs to bring this *ex parte* application to strike.

## II. THE COURT HAS AUTHORITY TO STRIKE THE UNTIMELY MSJ FILED AFTER THE DEADLINE TO HEAR SUCH MOTIONS.

This Court has inherent power and authority to control its docket, and it has discretion to strike an improperly filed document to control the "orderly and expeditious disposition of cases." *See, e.g., Dietz v. Bouldin*, 136 S. Ct. 1885, 1981 (2016) (district courts possess inherent powers to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (internal quotation marks omitted)); *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 403-04 (9th Cir. 2010) (a district court may grant a motion to strike an improperly filed document "pursuant to its inherent powers" to "achieve the orderly and expeditious disposition of cases"). Moreover, pursuant to Local Rule 7-12, "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." *See RG Abrams Ins. v. L. Off. of C.R. Abrams*, No. 2:21-cv-00194-FLA, 2023 WL 6850041, at *2 (C.D. Cal. Sept. 15, 2023).

On December 14, 2023, the Court entered an Order Granting Stipulation to Extend Deadlines and Continue Trial Date which "extend[s] the final date for the Court (sic) to hear motions other than motions in limine to May 27, 2024." *See* Dkt. 62 at 2. The Order states that: "[t]here will be no further continuances granted." *See* Dkt. 62 at 2, 3. All American has not sought or obtained leave of Court to file or have the Court hear their late-filed MSJ.

## III. *EX PARTE* RELIEF IS REQUIRED BECAUSE AN ORDER TO STRIKE THE MSJ CANNOT BE OBTAINED THROUGH A REGULARY NOTICED MOTION AND PLAINTIFFS WILL BE IRREPARABLY PREJUDICED ABSENT COURT RELIEF

A party seeking *ex parte* relief must first establish that the evidence "show[s] that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motions procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires

3
PLAINTIFFS' *EX PARTE* APPLICATION

ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, the requested relief – to strike Defendant's MSJ – will not be available under a regularly-noticed motion before the June 27, 2024 deadline to oppose the late-filed MSJ. Plaintiffs would otherwise be required to meet and confer at least 7 days before filing their own motion to strike. On June 21, 2024, less than 24 hours after Plaintiffs received the MSJ, Plaintiffs sent Defendant a meet and confer letter notifying them that the MSJ was untimely <u>and</u> that Defendant had failed to meet and confer pursuant to Local Rule 7-3. *See* Tabibkhoei Decl. ¶ 8; Ex. 1. If Plaintiffs were required to follow the rules that apply to regularly noticed motions, the instant request to strike the MSJ would not be heard until *after* the hearing on the MSJ. *See* L.R. 6-1.

Plaintiffs tried to avoid *ex parte* motion practice through the meet and confer process. In the meet and confer letter dated June 21, 2024, Plaintiffs requested that Defendant withdraw the MSJ on or before 12:00 pm PDT on June 23, 2024. Defendant did not respond, at all. Tabibkhoei Decl. ¶ 8; Ex. 1.

In short, there is nothing more that Plaintiffs can do at this point, except seek relief on an *ex parte* basis.

Furthermore, Plaintiffs will be irreparably and substantially prejudiced if forced to oppose the late-filed MSJ during this critical window of trial preparation. Plaintiffs and their counsel, a solo practitioner, have relied on the Court's May 27, 2024 deadline to hear motions, an did not anticipate being diverted from important trial preparation in this case to oppose an MSJ brought against all Plaintiffs. At a minimum, Plaintiffs expected a meet and confer in which the parties would be able to meaningfully address the issues with the motion.

Furthermore, Defendant filing the MSJ **after** the May 27, 2024 deadline to **hear** such motions and seeking to have it heard two months after that deadline without any attempt to explain or justify the delay is inexcusable and prejudicial.

*See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. **Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions** . . . .") (emphasis added). Defendant had ample time to file a timely request for leave to file the untimely MSJ and seek an Order from the Court but failed to. If the relief sought herein is not granted, Plaintiffs would be forced to incur the additional time, resources, and expense of responding to the merits of Defendant's time-barred MSJ. Such an outcome would be an inefficient and wasteful use of substantial judicial resources and would only serve to delay the resolution of the ultimate merits of the case, with trial just two months away, substantially prejudicing Plaintiffs.

## IV. PLAINTIFFS' EX PARTE APPLICATION SHOULD BE GRANTED

### A. Defendant's Motion For Summary Judgment Is Untimely Under FRCP Rule 56 And The Court's Order [Dkt. 62]

A striking of Defendant's untimely MSJ is warranted because it is untimely under the Federal Rules of Civil Procedure 56 and the Court's Order [Dkt. 62]. Rule 56 requires that a motion for summary judgment should be filed "at any time until 30 days after the close of all discovery" "**[u]nless a different time is set by local rule or the court orders otherwise.**" Fed. R. Civ. Proc. 56(b). Here, the court set a deadline of May 27, 2024 "to hear motions other than motions in limine." Dkt. 62 at 2. Defendant is well aware of this deadline. Nevertheless, Defendant filed its MSJ after the deadline to file motions (other than motions in limine) had passed and then set it for hearing *two months after* the deadline to have the Court hear such motions. Defendant never sought leave of Court prior to filing its MSJ to

continue this 5/27/2024 hearing deadline. Tabibkhoei Decl. ¶ 4. As such, under any reading of Rule 56 and the Court's Order Granting Stipulation to Extend Deadlines and Continue Trial Date, Dkt. 62, Defendant's MSJ is untimely, and, as a consequence, Defendant waived its ability to file a summary judgment motion. Thus, the Court should decline to hear the motion and strike it in its entirety. See L.R. 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule."); see also *RG Abrams Ins.*, 2023 WL 6850041 at *2.

It would be extremely prejudicial to require Plaintiffs to devote time and resources to oppose Defendant's untimely MSJ when Defendant flouted the Court's Order [Dkt. 62], failed to comply with the Local Rules, and waived its ability to bring such a motion in an extremely untimely filing. Tabibkhoei Decl., ¶ 5. Allowing the Motion to be adjudicated would be further prejudicial to Plaintiffs as it would serve to substantially delay Plaintiffs in their preparation for upcoming trial.

**B.  Defendant Failed to Meet and Confer Pursuant to L.R. 7-3.**

Striking All American's MSJ is further warranted because All American failed to make any legitimate attempt to meet and confer as required by the Local Rules. Local Rule 7-3 unequivocally states that "[i]n *all* cases … counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference ***shall*** take place at least seven (7) days prior to the filing of the motion." L.R. 7-3 (emphasis added). "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." L.R. 7-4; *see Gonzalez v. Nissan N. Am., Inc.*, No. 2:24-cv-01301-WLH-MAR, 2024 WL 2782102, at *1 (C.D. Cal. May 29, 2024). Central District of California "strictly enforce[s] Local Rule 7-3." *Thoma v. VXN Grp., LLC*, No. 2:23-cv-04901-WLH-AGR, 2024 WL 2106943, at *2 (C.D. Cal. Apr. 23, 2024).

6

PLAINTIFFS' *EX PARTE* APPLICATION

The purpose of Local Rule 7-3 is to help parties "reach a resolution [and] eliminate[] the necessity for a hearing," which in turn promotes judicial economy and the administration of justice. *See James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, No. 8:16-CV-01155-JLS-E, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016). Parties must adhere to the Local Rules of this district, and the district court "has considerable latitude in managing the parties' motion practice and enforcing local rules." *See Christian v. Mattel, Inc.,* 286 F.3d 1118, 1129 (9th Cir. 2002).

Local Rule 7-3 also explicitly states that counsel are to "discuss thoroughly" the substance of any contemplated motion. L.R. 7-3. Here, counsel for Defendant did not contact counsel for Plaintiffs at all regarding the MSJ, let alone offer a meet and confer regarding its substance. Tabibkhoei Decl. ¶ 6. Plaintiffs were unaware that Defendant would file the MSJ, particularly because 1) the MSJ is untimely and 2) trial is less than two months away. *Id.* at ¶¶ 5-7.

Despite making no attempt to engage in any type of thorough discussion contemplated by the Local Rules, Defendant did not even include a certification of conference of counsel pursuant to L.R. 7-3 in its notice of motion. *See* Dkt. 138 (notice of motion); Tabibkhoei Decl., ¶ 6.

Plaintiffs have been severely prejudiced by Defendant's failure to comply with Local Rule 7-3, warranting *ex parte* relief. Defendant's failure to engage in a thorough discussion of the untimely MSJ has prevented Plaintiffs from considering options which would have mitigated the need for motion practice. Moreover, by failing to wait the requisite seven days to file its MSJ, Defendant have cost Plaintiffs an entire week in which they could have prepared their opposition (if not, trial), causing further prejudice to Plaintiffs. Tabibkhoei Decl., ¶ 7.

Local Rule 7-4 allows the Court to "decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." Plaintiffs would submit that such relief is appropriate here and that the Court should strike Defendant's MSJ.

      C.      **The Requirements for *Ex Parte* Relief Have Been Met**

Pursuant to Local Rules 7-19 and 7-19.1, Plaintiffs made reasonable, good faith efforts to advise All American's counsel of this *ex parte* application including the reasons for the *ex parte* application, by letter emailed to counsel on June 21, 2024. Tabibkhoei Decl. ¶ 8; Ex. 1. Defendant did not respond at all, let alone withdraw the motion. *Id*. at ¶ 8. Contact information for All American's counsel is: Brian J. Williamson, Esq., Callagy Law, P.C., 2550 Union Hills Dr., Ste. 350-341, Phoenix, AZ 85027; tel: 201-261-1700; fax: 201-549-8408; email: bwilliamson@callagylaw.com; and Michael Smikun, Callagy Law, P.C., 100 Eagle Rock Ave, Suite 105, East Hanover, NJ 07936; tel: (973) 939-0100; email: msmikun@callagylaw.com. *Id*. at ¶ 9. In accordance with Judge Wu's rules, this *ex parte* application is being faxed to All American's counsel, the same day as filing of this application, and notifies All American that any opposition must be filed no later than 24 hours after the filing of the *ex parte* application. *Id*. at ¶ 10.

V.    **<u>THE COURT SHOULD ORDER SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL FOR THEIR CONDUCT IN CONNECTION WITH THE UNTIMELY MSJ AND THIS EX PARTE APPLICATION</u>**

Local Rule 7-13 provides "A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P." Further, Local Rule 83-7 provides that "[t]he violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances." *See also* 28 U.S.C. §1927 (providing

8

PLAINTIFFS' *EX PARTE* APPLICATION

sanctions against frivolous, unreasonable or bad faith litigation). As shown above, sanctions against All American and its counsel are warranted for their willful disobedience of the Court's Orders and Local Rules including filing an untimely MSJ *after* the May 27, 2024 deadline to have MSJs heard, failing to confer with Plaintiffs' counsel at all regarding the MSJ, let alone pursuant to Local Rule 7-3, and <u>ignoring</u> Plaintiffs' efforts to meet and confer regarding the late-filed MSJ, this ex parte application, and Plaintiffs' request that Defendant withdraw the MSJ to avoid *ex parte* motion practice. As a result of Defendnat's refusal to comply with the Court's Orders and Local Rules, Plaintiffs have incurred more than $2,000.00 in reasonable attorneys' fees to prepare this *ex parte* application to strike the late-filed summary judgment motion. Tabibkhoei Decl., ¶ 11. For these reasons, the Court should award sanctions of $2,000.00 against All American and its counsel for its willful misconduct in failing to abide by the Court's Orders and Local Rules.

## VI.  CONCLUSION

Accordingly, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this *ex parte* application and strike Defendant's MSJ as untimely and in violation of Local Rule 7-3 and issue sanctions under Local Rules 7-13 and 83-7 in the amount of $2,000.00 against All American and its counsel.

Dated: June 24, 2024                    **DOMINIUM LAW, APC**

                                        By:  /s/ Farah Tabibkhoei
                                              Farah Tabibkhoei

                                        Attorney for Plaintiffs and Counter-Claim Defendants
                                        Alameda Healthcare & Wellness Center, LLC, B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite

|   |   |
|---|---|
| 1 | Hills Healthcare & Wellness Centre, LLC, |
| 2 | Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, |
| 3 | LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness |
| 4 | Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, |
| 5 | LLC, The Rehabilitation Center Of Oakland, LLC, |
| 6 | Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, |
| 7 | LP, Anaheim Point Healthcare & Wellness Centre, |
| 8 | LP, and River Valley Healthcare & Wellness Centre, LP |

PLAINTIFFS' *EX PARTE* APPLICATION

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th date of June, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule 5-4.

                                                /s/ Farah Tabibkhoei
                                                Farah Tabibkhoei