UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-859-GW-AFMx | Date | June 25, 2024 |
| Title | *Alameda Healthcare and Wellness Center, LLC, et al. v. All American Healthcare Services, Inc., et al.* | Page | 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **IN CHAMBERS - ORDER ON PLAINTIFFS/COUNTER-CLAIM DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR AN ORDER TO STRIKE DEFENDANT / COUNTER-CLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS [140]**

The Court has received and reviewed Plaintiffs' *ex parte* motion to strike Defendant's motion for summary judgment (the "Motion"). *See* Motion, Docket No. 139. Defendant did not file an opposition. Plaintiffs move to strike Defendant's motion for summary judgement (the "MSJ"), Docket No. 138, and request $2,000.00 in sanctions to recover the attorney fees incurred in preparing the Motion. Having reviewed the Motion, the MSJ, and the docket in this case, the Court hereby **STRIKES** the MSJ and **SCHEDULES** an Order to Show Cause Why Sanctions Should Not Be Issued for Monday, July 1, 2024 at 8:30 a.m.[1]

Defendant filed the MSJ on June 20, 2024 and set it for hearing on July 18, 2024. Under the operative scheduling order in this case, the last day to have any motions *heard* except for motions in limine was May 27, 2024. *See* Docket No. 62. That means the filing deadline for any motions was April 29, 2024 – twenty-eight days before the last day for the motion to be heard. Accordingly, Defendant filed the MSJ an astonishing fifty-two days late.

---

[1] The parties are already scheduled to appear for a post-mediation status conference on July 1, 2024 at 8:30 a.m. The Court will address both issues at the same time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-859-GW-AFMx | Date | June 25, 2024 |
| Title | Alameda Healthcare and Wellness Center, LLC, et al. v. All American Healthcare Services, Inc., et al. | Page | 2 of 3 |

There can be no genuine dispute concerning the cutoff date to hear motions. The operative scheduling order issued on December 14, 2023 stated in bold: "There will be no further continuances granted." *See* Docket No. 62. Consistent with that directive, on March 15, 2024, the Court denied the parties' stipulation to extend discovery. *See* Docket No. 96. When the Court addressed a discovery dispute on April 4, 2024, it allowed the re-opening of fact discovery for the limited purpose of taking two specific depositions but clearly concluded that: "For the avoidance of doubt, nothing in this order shall be construed to alter any other deadline set forth in the Court's scheduling order." *See* Docket No. 109 at 8. At that time, the Court indicated that it would allow a 45-day trial continuance *if* the parties so stipulated. Consistent with that directive, the Court subsequently denied Plaintiffs' *ex parte* request to continue the trial date because the parties did not stipulate to a continuance. *See* Docket No. 121. The parties thereafter stipulated to a trial continuance, which the Court granted. *See* Docket No. 132. Though the stipulated trial continuance stated that "[p]retrial deadlines set forth in the Court's Standing Order re Final Pre-Trial Conferences [Doc. 10] shall trail the new final pretrial conference and trial dates," nothing in the stipulation or the standing order regarding final pre-trial conferences extended the deadline to file a motion for summary judgement. Therefore, the Court finds that the MSJ is untimely and orders the Clerk of the Court to **STRIKE** it from the docket.

Aside from its glaring untimeliness, the MSJ is improper for several other reasons. Perhaps most noticeable is the fact that it was filed with Microsoft Word comment bubbles containing Defendant's counsel's comments in additional to several other formatting irregularities. *See* MSJ at 13, 15. Setting that aside, the MSJ did not contain the required attestation that the motion was made following the conference of counsel as required by Local Rule 7-3. Plaintiffs' counsel attests that Defendant's counsel did not contact her to meet and confer before filing the MSJ. *See* Declaration of Farah Tabibkhoei ¶ 6. Furthermore, Plaintiffs' counsel states that she emailed Defendant's counsel on June 21, 2024 seeking to meet and confer regarding the *ex parte* Motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-859-GW-AFMx | Date | June 25, 2024 |
| Title | *Alameda Healthcare and Wellness Center, LLC, et al. v. All American Healthcare Services, Inc., et al.* | Page | 3 of 3 |

and requesting the MSJ be withdrawn, but Defendant's counsel did not respond. *Id.* ¶ 8.

Plaintiffs' counsel saya that she spent five hours preparing the *ex parte* motion to strike at a rate of $400.00 per hour and seeks $2,000.00 as a sanction for the attorney fees incurred in preparing the Motion. *Id.* ¶ 11; Motion at 8-9. Based on the attestation of Plaintiffs' counsel's experience and having reviewed the well-prepared Motion, the Court would find that the time expended on the Motion and the hourly rate charged are both reasonable. Considering the blatant violations of this Court's orders and the applicable local rules set forth above, the Court would find that there is good cause to impose sanctions under Local Rules 7-13 and 83-7 because Defendant's conduct rises to the level of bad faith and/or is willfully disobedient of the Court's orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) ("an assessment of attorney's fees is undoubtedly within a court's inherent power").

The Court is therefore inclined to **GRANT** Plaintiffs' request for sanctions in the amount of $2,000.00. To allow Defendant an opportunity to be heard, the Court **SCHEDULES** an Order to Show Cause Why Sanctions Should Not Be Issued for Monday, July 1, 2024 at 8:30 a.m.