Farah Tabibkhoei (SBN 266312)
DOMINIUM LAW, APC
5665 Wilshire Blvd. #1071
Los Angeles, CA 90036
Tel: (323) 364-4148
Farah@DominiumLaw.com

Attorneys for Plaintiffs and Counter-Defendants Alameda Healthcare & Wellness Center, LLC
[*Additional Parties listed on next page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA HEALTHCARE & WELLNESS CENTER, LLC, a California limited liability company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALL AMERICAN HEALTHCARE SERVICES, INC., a New Jersey corporation, and DOES 1 through 10, inclusive. <br><br> Defendants. | Case No. 2:23-CV-00859-GW-SK <br><br> **JOINT POST-MEDIATION STATUS REPORT** |
| ALL AMERICAN HEALTHCARE SERVICES, INC., a New Jersey Corporation, <br><br> Counter-Claim Plaintiff, <br><br> vs. <br><br> ALAMEDA HEALTHCARE & WELLNESS CENTER, LLC, et al.; and ROES 1-10, inclusive. <br><br> Counter-Claim Defendants. | |

*B-East, LLC,  B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP

- 1 -
POST-MEDIATION STATUS REPORT

Pursuant to the Court's Order dated June 13, 2024 [Doc. 132], the Parties[1] hereby jointly submit a post-mediation status report as follows:

The Parties participated in a full-day mediation with Honorable Yvette Palazuelos (Ret.) of Judicate West on June 19, 2024.

### Plaintiffs-Counterclaim Defendants' Position

The Parties were unable to reach a settlement despite good faith efforts before the mediation and at the mediation on June 19, 2024, which lasted more than 9 hours ending at approximately 6:49 p.m. PST / 9:49 p.m. EST.

Plaintiffs disagree with the characterizations in Defendant-Counterclaimant's Position below, which are inaccurate and misleading.

With respect to the interim agreement: *After* Plaintiffs obtained and notified Defendant of their 1) ***approval and agreement to Defendant's proposed interim settlement agreement*** and 2) ***had sent it out for signatures*** to seven of the Plaintiffs and to Defendant to have fully executed, defense counsel then, proposed (i) a change to a material term of the agreement, then changed their mind seemingly agreeing to leave the agreement as-is but, shortly thereafter, and after some signatures had been gathered, proposed (ii) a second change to the language on the signature page.  Defendant then opted to file the proposed judgments on Tuesday, June 18, 2024 – less than 24 hours before the parties' mediation – in lieu of a joint status report as permitted by the Court.

---

[1] Plaintiffs and Counterclaim Defendants Alameda Healthcare & Wellness Center, LLC, B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP ("Plaintiffs") and Defendant/Counterclaim Plaintiff All American Healthcare Services, Inc. (the "Parties").

In filing the proposed judgments, Defendant effectively mooted the interim settlement agreement altogether.

With respect to the mediation, discussion of the mediation would violate the mediation privilege and, therefore, Plaintiffs decline to engage except to state that they participated in good faith in the nine-hour mediation.

### Defendant-Counterclaimants' Position

It is the Defendants-Counterclaimants' position that Plaintiffs have: (1) mediated in bad faith; (2) procured a trial continuance on false representations related to (a) completing an interim settlement agreement and (b) fulfilling the "Pre-Mediation Settlement Efforts" set forth in Docket No. 131; and (3) have failed to fulfill the stipulated promises set forth in the stipulation the Court relied on to grant the continuous of trial. *See* Docket No. 131.

Specifically, Defendant-Counterclaimants made it a condition precedent to continue trial and engage in mediation efforts for Plaintiffs to stipulate to specific pre-mediation settlement efforts. The stipulation provided that "The parties <u>shall</u> cooperate in good faith to engage in pre-mediation settlement efforts…" *Id*. (emphasis added). The stipulation provided: "All American shall provide a spreadsheet categorizing each invoice as described above. Plaintiffs/Counterclaim Defendants shall respond and confirm whether they agree with the categorization of each invoice or provide reasons for any disagreement." All American fulfilled this obligation. Plaintiffs did not.

The stipulation further provided: "The parties shall exchange, agree, and discuss for settlement purposes only, and subject to the mediation privilege, the identification of invoices as: - Undisputed - Disputed for some reason other than failure to execute a form 530 - Disputed for failure to execute a form 530…" All American satisfied this obligation. Plaintiffs did not.

Further, Defendant-Counterclaimants made it an additional condition precedent to engaging in mediation efforts that Plaintiffs finalize an interim settlement agreement.

Plaintiffs convinced Defendant-Counterclaimants to remove this language from the stipulation on the promise that although the agreement was approved, "signatures would not be ready" in time. Defendant-Counterclaimants removed this language from the stipulation only to have Plaintiffs withdraw their agreement to finalize an interim settlement agreement on the eve of mediation forcing Defendant-Counterclaimants to file the proposed judgment in order to comply with the Court's deadline of June 18, 2024. *See* Dkt. 120.

Dated: June 27, 2024                    DOMINIUM LAW, APC

                                        By: /s/ Farah Tabibkhoei
                                            Farah Tabibkhoei
                                            Attorneys for Plaintiffs and Counter-Defendants Alameda Healthcare & Wellness Center, LLC, B-East, LLC, B-San Diego, LLC, Chico Terrace Healthcare & Wellness Centre, LP, Grand Avenue Healthcare & Wellness Centre, LP, East Terrace Rehabilitation & Wellness Centre, LP, Granite Hills Healthcare & Wellness Centre, LLC, Highland Park Skilled Nursing & Wellness Centre, LLC, Lawndale Healthcare & Wellness Centre, LLC, Verdugo Valley Skilled Nursing & Wellness Centre, LLC, San Pablo Healthcare & Wellness Center, LLC, Skyline Healthcare & Wellness Center, LLC, Point Loma Rehabilitation Center, LLC, The Rehabilitation Center Of Oakland, LLC, Tulare Nursing & Rehabilitation Hospital, Inc., Chico Heights Rehabilitation & Wellness Centre, LP, Anaheim Point Healthcare & Wellness Centre, LP, and River Valley Healthcare & Wellness Centre, LP

DATED: June 27, 2024

CALLAGY LAW, P.C.

/s/ Brian A. Williamson (with permission)
Brian A. Williamson, Esq.
Michael Smikun, Esq.
*Attorneys for Defendant/Counter-Claim Plaintiff ALL AMERICAN HEALTHCARE SERVICES, INC.*