BRIAN A. WILLIAMSON, ESQ. (CA BAR NO. 336547)
**CALLAGY LAW, P.C.**
2550 Union Hills Dr., Ste 350-341
Phoenix, AZ 85027
Telephone: (201)261-1700
Facsimile: (201)549-8408
E-mail: bwilliamson@callagylaw.com
Attorneys for Plaintiff
All American Healthcare Services, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA HEALTHCARE & WELLNESS CENTER, LLC, a California limited liability company; et al; <br><br> Plaintiff, <br><br> v. <br><br> ALL AMERICAN HEALTHCARE SERVICES, INC, a New Jersey Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:23-CV-00859-GW <br><br> **ALL AMERICAN HEALTHCARE SERVICES, INC'S RESPONSE TO ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ISSUED** <br><br> Hearing Date: July 1, 2024 <br> Time: 8:30 a.m. <br> Courtroom: 9D |
| ALL AMERICAN HEALTHCARE SERVICES, INC, a New Jersey Corporation <br><br> Counter-Claim Plaintiff, <br><br> v. <br><br> ALAMEDA HEALTHCARE & WELLNESS CENTER, LLC, a California limited liability company; et al. <br><br> Counter-Claim Defendants. | |

1

Defendant/Counter-Claim Plaintiff All American Healthcare Services, Inc. ("All American"), by and through undersigned counsel, hereby responds to the Court's Order to Show Cause Why Sanctions Should Not Be Issued [Dkt. 141].

All American respectfully submits that sanctions are not warranted under these circumstances for three reasons.

First, sanctions are not warranted because, while the Court has determined that the Motion for Summary Judgment filed by All American was untimely, counsel for All American believed, mistakenly, that the motion was timely filed at the time it was submitted. When the Court granted the Stipulation for Continuance of Final Pre-Trial Conference and Trial [Dkt. 132], counsel for All American understood the Court to be resetting all dates which trail the trial date. *See* Declaration of Brian Williamson ("Williamson Declaration") at ¶ 3-4. Counsel then, incorrectly, believed that the Motion for Summary Judgment could be filed and set for hearing up to thirty days prior to the trial date – an unintentional conflation of the Federal Rules of Civil Procedure with the scheduling requirements for proceedings in California state courts. *Id.* It is acknowledged that this was an error, but it was not, as counsel for Plaintiffs asserts, a deliberate effort to circumvent the Court's rules. *Id.* at ¶ 4. An unintended error, even if unexcused, should not warrant sanctions designed to punish intentional misconduct.

Second, sanctions are not warranted because, contrary to the representation of Plaintiffs' counsel, counsel for the parties had previously conferred regarding the issues to be raised in the Motion for Summary Judgment. *Id.* at ¶ 5. Specifically, these issues

were discussed on May 16, 2024 along with discussions related to proposed motions *in limine*, pre-trial filings and preparations, and other matters under Local Rule 16. *Id.* The failure to include the certification regarding this conferral was the result of the filing of the incorrect and incomplete draft of the Motion for Summary Judgment, which did not have the conferral certification language and, as the Court noted, still contained editing comments. *Id.* at ¶ 6. This error occurred when All American's counsel was travelling on an airplane and there was a miscommunication with the assistant who was submitting the filing, resulting in the inadvertent filing of an incomplete draft. *Id.*

Third, sanctions are not warranted because counsel for Plaintiffs did not engage in meaningful efforts to confer prior to the filing of the Motion to Strike, and therefore did not give All American's counsel an actual opportunity to resolve or rectify the matter. As noted in Plaintiff's counsel's affidavit, Plaintiff's counsel sent a letter on the evening of Friday, June 21st which demanded a response by 12:00 noon on Sunday, June 23rd. On June 21st, All American's counsel was in a full day mediation which did not conclude until after 5:00 p.m. PST. *Id.* at ¶ 7. Immediately thereafter, All American's counsel was participating in a firm management retreat and did not check email durin the weekend. *Id.* Thus, All American's counsel was unaware of the letter from Plaintiffs' counsel and Plaintiffs' chosen deadline of noon on Sunday, June 23rd. *Id.* Despite having previously communicated efficiently with counsel for All American via text messages and phone calls as recently as June 19th, counsel for Plaintiffs made no effort to speak with All American's counsel by phone and did not notify All American's counsel that

there was an issue she wished to address via the method the parties had adopted as the most efficient form of communication. *Id.* at ¶ 8. Instead, she relied upon a letter sent on Friday evening with a Sunday deadline. This letter did not become known to counsel for All American until after Plaintiffs had filed their Motion to Strike because All American's counsel was in mediation the entirety of Friday June 21st, was participating in a mandatory firm management retreat during the weekend of June 22nd and 23rd, and was then in court on June 24th. *Id.* at ¶ 9.

Even after the Motion to Strike was filed, All American's counsel was not able to respond to that motion before the Court's order, issued on June 25th, because All American's respective counsel were in trial and depositions the entire day. *Id.* at ¶ 10. By the time these proceedings had concluded, the Court had already issued its order. *Id.*

Had Plaintiffs' counsel attempted to reach All American's counsel by phone to meaningfully confer about the proposed motion to strike, that matter could have and would have been resolved without requiring motion practice as All American's counsel would have withdrawn the motion. *Id.* at ¶ 11.

Because the untimely filing of the motion for summary judgment was the result of a genuine mistake of All American's counsel, because the issues to be resolved through said motion were discussed by counsel as required by the local rules, and because Plaintiffs' counsel did not meaningfully confer with counsel for All American or give a reasonable opportunity to respond to Plaintiffs' letter, All American

respectfully submits that the Court should forebear to impose sanctions under these circumstances.

DATED: June 28, 2024      **CALLAGY LAW, P.C.**
Brian A. Williamson

*/s/Brian A. Williamson*
Brian A. Williamson, Esq.
*Attorneys for Defendant/Counter-Claim Plaintiff ALL AMERICAN HEALTHCARE SERVICES, INC.*